UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

O'DELL WILLIS,

                        Plaintiff,

v.                                               5:04-CV-0828
                                                  (GTS/GJD)
ONONDAGA COUNTY SHERIFF'S DEP'T; and
KEVIN WALSH, Onondaga County Sheriff,

                        Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

LAW OFFICE OF K. FELICIA DAVIS          K. FELICIA DAVIS, ESQ.
  Counsel for Plaintiff
P.O. Box 591
Syracuse, NY 13201-0591

HON. GORDON J. CUFFY                          JOHN W. SHARON, ESQ.
Onondaga County Attorney                       Deputy County Attorney
  Counsel for Defendants
John H. Mulroy Civic Center, 10th Floor
421 Montgomery Street
Syracuse, NY 13202

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this civil rights action filed by O'Dell Willis ("Plaintiff") is Plaintiff's motion for attorney's fees. (Dkt. No. 69.) For the reasons set forth below, Plaintiff's motion for attorney's fees is granted in part and denied in part.

I.      BACKGROUND

On February 22, 2010, a trial commenced in this matter. At the conclusion of the trial, the jury returned a verdict for Plaintiff awarding him nominal damages in the amount of $1 on

his Title VII hostile work environment claim. Plaintiff's counsel now makes an untimely motion for attorney's fees in the amount of $36,388.00, pursuant to 42 U.S.C. § 2000e-5(k).[1]

## II.  LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure provides that a motion for attorney's fees be "filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). For a district court to extend the filing deadline of Fed. R. Civ. P. 54(d) after the expiration of the deadline, the court "is required to find excusable neglect under [Fed. R. Civ. P.] 6(b)(2)." *Tancredi v. Metro. Life Insur. Co.*, 378 F.3d 220, 228 (2d Cir. 2004). The Supreme Court has held that, for a district court to find excusable neglect under Fed. R. Civ. P. 6(b), the court must balance the following factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993) (holding that excusable neglect "is a somewhat 'elastic concept'" whose "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission").[2]

Assuming that such a motion is filed within the filing deadline (or that a court finds excusable neglect for an untimely filing), Fed. R. Civ. P. 54(d) confers on federal courts the ability to award attorney's fees to the prevailing party when directed by federal statute or the

---

[1]  The Court notes that Plaintiff has not made a motion for costs.

[2]  The Second Circuit has applied the reasoning in *Pioneer*, which dealt with extension of a filing deadline in a bankruptcy action, to extending the filing deadline on a motion for attorney's fees. *Tancredi*, 378 F.3d at 227-28.

civil rules. Fed. R. Civ. P. 54(d). Title VII states, in its pertinent part, that a "court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs . . . ." 42 U.S.C. § 2000e-5(k) (2006). In deciding whether or not to award attorney's fees, there is a two-step analysis that courts must employ. First, "the party must be a prevailing party in order to recover." *Pino v. Locasio*, 101 F.3d 235, 237 (2d Cir. 1996) (internal quotations and citations omitted). "[I]f []he is, then the requested fee must also be reasonable." *Pino*, 101 F.3d at 237 (internal quotations and citations omitted).

In *Farrar v. Hobby*, 506 U.S. 103 (1992), the Supreme Court held that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12. According to the Court, a plaintiff who is awarded $1 in nominal damages is a prevailing party because, "a judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 113.

Assuming a Plaintiff is a prevailing party, the most important factor in determining the reasonableness of a fee is the degree of success obtained. *Farrar*, 506 U.S. at 113. When a plaintiff seeks compensatory damages but only receives nominal damages, "the only reasonable fee is usually no fee at all." *Id.* at 115. Having said that, the Second Circuit also considers the public purpose of the action when evaluating reasonableness. *See Pino*, 101 F.3d at 239 (adopting standard from Justice O'Connor's concurring opinion in *Farrar*, and noting that for a nominal damages plaintiff to receive attorney's fees, there must be "a new rule of liability that

3

serve[s] a significant public purpose").[3]  However, if a lawsuit merely gives plaintiff "the moral satisfaction of knowing that a federal court concluded that their rights had been violated" then the public purpose exception does not apply.  *Pino*, 101 F.3d at 238.

## III.   ANALYSIS

### A.   Motion for Extension of Rule 54(d) Filing Timeline

As stated in Part I of this Decision and Order, Plaintiff's motion for attorney's fees is untimely.  Plaintiff's counsel argues that, because she had an illness that prevented her from meeting the filing deadline, this illness should be considered excusable neglect because all of the factors of the *Pioneer* test point in favor of granting the extension.  In response, Defendants argue as follows: (1) granting the extension would prejudice their case because they have missed the deadline to file a notice of appeal; and (2) the reason for the delay was not reasonable because Plaintiff's counsel could have notified the Court or Defendant's counsel that she was going to miss the deadline.

#### 1.   Prejudice to Non-Movant

As an initial matter, the Court is not persuaded by Defendants' argument that they will suffer prejudice in the event that the Court awards Plaintiff an extension of time.  This is because it appears that, if the Court awards Plaintiff an extension of time, Defendants would still have at least one, and possibly two, avenues to appeal the Court's decision.  More specifically,

---

[3]   *See also Scott v. Hand*, 07-CV-0221, 2010 WL 1507016, at *3 (N.D.N.Y. April 15, 2010) (McAvoy, J.) (utilizing Justice O'Connor's three prong test for deciding attorney's fees, which includes [1] whether there is "a substantial difference between the judgment recovered and the recovery sought," [2] "the significance of the legal issue on which the plaintiff claims to have prevailed," and [3] whether the plaintiff "accomplished some public goal other than occupying the time and energy of counsel, court, and client") (citations omitted).

Defendants have a right to appeal the Court's decision to grant an extension of time. *See Losacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir. 1995) (reviewing a district court's grant of extension of time for abuse of discretion). In addition, if the Court decides to award Plaintiff attorney's fees, Defendants may appeal that decision because it is a separate judgment.[4] *See* Fed. R. Civ. P. 54(d)(2)(C) ("The court must find the facts and state its conclusions of law as provided in Rule 52(a) [regarding a decision on a motion for attorney's fees]").

### 2. Impact on Judicial Proceedings

The Court also finds that the second prong of the *Pioneer* test weighs in favor of granting the extension because the motion for extension of the Fed. R. Civ. P. 54(d) filing deadline was made twenty-four (24) days after the deadline, which does not have a negative impact on these judicial proceedings.[5]

### 3. Reason for Delay

Additionally, the Court is not persuaded by Defendants' argument that the reason for the delay is not reasonable. Plaintiff's counsel is the only attorney responsible for this case. Plaintiff's counsel states under oath that she missed the filing deadline because she was incapacitated as a result of a lengthy illness, stemming from food poisoning and extended by

---

[4] The Court notes that Plaintiff must still prove that he satisfies the standard for granting attorney's fees in a judgment involving an award of nominal damages set forth in *Farrar v. Hobby*, 506 U.S. 103 (1992) and its progeny.

[5] *See Active Glass v. Arch. and Orna. Iron Workers Local Union*, 899 F. Supp. 1228, 1231 (S.D.N.Y. 1995) (holding that a late motion within thirty (30) days of the deadline does not impact the judicial proceedings); *accord, Natural Father and Natural Mother of an Adoptive Child v. Tolbert*, 170 F.R.D. 107, 110 (S.D.N.Y. 1997); *Mason v. Schriver*, 96-CV-6942, 1999 WL 498221, at *2 (S.D.N.Y. Jul 13, 1999).

early stages of pregnancy.[6] (Dkt. No. 69, Attach. 1.) She further states that, as a result of her illness, she was prescribed medication that is normally given to chemotherapy patients for their nausea. (*Id.*) These facts sufficiently demonstrate that the reason for delay was outside of counsel's control and was reasonable.[7]

### 4. Good Faith of Movant

Finally, the Court finds that Plaintiff's counsel appears to have acted in good faith in the process of filing the untimely motion, as evidenced by the fact that she began working on the motion a few days after she received proper medical attention for her illness.

For these reasons, the Court finds that Plaintiff has made a showing of excusable neglect. The Court will therefore consider the merits of Plaintiff's untimely request for attorney's fees.

### B. Motion for Attorney's Fees

As stated in Part I of this Decision and Order, Plaintiff requests that the Court award him attorney's fees, pursuant to 42 U.S.C. 2000e-5(k). In support of this request, Plaintiff argues as follows: (1) he was a prevailing party because the $1 nominal damages judgment modified Defendants' behavior to the benefit of Plaintiff; and (2) an award of attorney's fees is reasonable given the success he achieved.[8]

---

[6] In counsel's affidavit, memorandum, and reply to Defendants' response, there is no mention of a precise date when the food poisoning occurred. (*See generally* Dkt. No. 69, Attach. 1, 2; Dkt. No. 74.) However, counsel's physician has informed the Court that counsel's food poisoning occurred at some point during the week of March 8, 2010. (Dkt. No. 71 [filed under seal].)

[7] *See Active Glass*, 889 F. Supp. 2d at 1231 (noting that an unexpected illness that physically disables counsel satisfies the standard for excusable neglect).

[8] More specifically, Plaintiff argues that the fees requested are reasonable because the difference in award given and award sought is minimal, the legal issue in the litigation was significant, and the judgment accomplishes a public goal.

In response, Defendants argue as follows: (1) Plaintiff is not a prevailing party because he did not succeed on a significant issue which achieved some benefit he sought in bringing suit; and (2) the award of attorney's fee is not reasonable.[9]

### 1. Prevailing Party

Given that Plaintiff received $1 in nominal damages, the Court rejects Defendants' argument that Plaintiff is not a prevailing party. *Farrar*, 506 U.S. at 112 (noting that an award of $1 in nominal damages makes plaintiff a prevailing party).

### 2. Reasonableness of Fee Award

However, the Court accepts Defendants' argument that an award of $36,388.00 in attorney's fees is not reasonable under the circumstances. As the Supreme Court has stated, when evaluating entitlement to attorney's fees, "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). In determining the degree of success obtained, this Court is "obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Farrar*, 506 U.S. at 114 (internal quotations and citation omitted).

Here, Plaintiff's Amended Complaint sought $100,000 in damages (as well as an order enjoining Defendants from engaging in the conduct giving rise to the Title VII claim). (Dkt. No. 3.) However, Plaintiff was awarded only $1 in nominal damages. As a result, Plaintiff's degree

---

[9] More specifically, Defendants argue that Plaintiff's degree of success is too low to justify attorney's fees, and the issue that Plaintiff prevailed on was neither significant nor had the effect of accomplishing a public purpose.

of success was rather low.[10]

Plaintiff is able to overcome this low level of success if the result of the litigation created a "new rule of liability that serve[s] a significant public purpose." *Pino*, 101 F.3d at 239. This type of exception to the *Farrar* standard envisioned by the Second Circuit is best exemplified in *Cabrera v. Jakabovitz*, 24 F.3d 372 (2d Cir. 1994). In *Cabrera*, a jury found that "landlords can be held liable for employing real estate brokers who are engaged in racial steering," but only awarded nominal damages to plaintiff. *Cabrera*, 24 F.3d at 393. Nonetheless, the court awarded Plaintiff's request for attorney's fees. *Id*. On appeal, the Second Circuit found that Plaintiff was entitled to an award of attorney's fees because the judgment concerned a significant legal issue and the court did not "search in vain for public purpose." *Id*.

Here, the judgment did not involve a significant legal issue, but rather a conclusion that the Sheriff's Department failed to properly oversee their employees. As a result, it cannot be said that the litigation created a "new rule of liability that serve[s] a significant public purpose." *Pino*, 101 F.3d at 239 ("The vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful

---

[10] *See Pino*, 101 F.3d at 238 ("Pino prevailed on only one claim-hostile work environment sexual harassment-against only the Hospital. And she received only $1.00 in damages. The only way Pino could have been less successful is if she had lost altogether, and then, of course, she would not qualify as a prevailing party."); *Virostek v. Liberty Twp. Police Dep't/Tr.*, 55 F. Supp. 2d 758, 763 (N.D. Ohio 1999) (noting that, because plaintiff was awarded only nominal damages on her Title VII claim, she was not entitled to attorney's fees), *aff'd* No. 99-3809, 2001 WL 814933 (6th Cir. July 11, 2001).

relief.").[11]

The Supreme Court has held that "the district court has discretion in determining the amount of a fee award." *Hensley*, 461 U.S. at 437 (noting that, when limited success is achieved, there is "no precise rule or formula" for calculating fees, but "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success"). Under the circumstances, the Court finds that an award of $8,806.13 is reasonable. More specifically, the Court calculates this amount the following way. From a generous construction of Plaintiff's time records, the Court finds that she spent (1) 125.04 hours performing legal work on the case (including an unspecified number of hours traveling, and 10.25 hours researching and drafting her motion for attorney's fees), and (2) 2.0 hours performing clerical work on the case. (Dkt. No. 69, Attach. 1 [Exs. to Affid. of Felicia Davis, filed under seal].) From the Court's review of the case law and its familiarity with the rates prevailing in this District, it finds that, in this District, a paying client would reasonably be willing to pay (1) $210 per hour for an attorney of Ms. Davis' experience and demonstrated ability in this case, and (2) pay $80 per hour for the type of clerical work performed by Ms. Davis in this case.[12] As a result, the Court finds that the total amount of such attorney's fees reasonably requested by Ms. Davis–before any diminishment due to the degree of success

---

[11]     *See also Petrunich v. Sun Bldg. Sys., Inc.* 625 F. Supp.2d 199, 209 (M.D. Pa. 2008) (noting that plaintiff's age employment discrimination litigation did not serve a public purpose because it did not result in ground-breaking conclusions of law and will not have a profound influence on the development of law and society).

[12]     *See, e.g., Bergerson v. N.Y.S. Office of Mental Health Ctr. New York Psychiatric Ctr.*, 06-CV-1476, 2010 WL 610694, at *2 (N.D.N.Y. Feb. 16, 2010) (Hurd, J.) [citation omitted].

9

achieved–equals $26,418.40.  Finally, the Court finds that the attorney's fees should be reduced by two-thirds, given the limited degree of success achieved in this case and the lack of a new rule of liability.[13]  For all these reasons, the Court finds that an award of $8,806.13 is reasonable.

For these reasons, the Court grants in part Plaintiff's motion for attorney's fees.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for attorney's fees (Dkt. No. 69) is hereby deemed timely; and it is further

**ORDERED** that Plaintiff's motion for an award of attorney's fees (Dkt. No. 69) is **GRANTED in part** and **DENIED in part**: Defendants shall pay Plaintiff $8,806.13 in attorney's fees.

Dated: August 24, 2010
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[13] *See, e.g., Barfield v. N.Y. City Health and Hosp. Corp.*, 537 F.3d 132, 151-53 (2d Cir. 2008) (affirming district court decision reducing attorney's fees by 50 percent, given the limited degree of success achieved in the case).